## LAWRENCE v. KINGMAN.

The certificate of a justice who issues a writ directed to an indifferent person to serve, because no proper officer can be had without great expense and inconvenience, is conclusive; and the court will not inquire, as to the truth of such certificate.

THE writ was directed to an indifferent person to serve and return, and the authority signing it had inserted the common reason, "that no proper officer could be had without great expense." The defendant pleaded in abatement, that the writ was dated a sufficient length of time before the time of service expired, to have been served by a proper officer, with the ordinary expense only; and therefore the certificate of the justice was manifestly a mistake.

By the COURT. The certificate of the signing authority is conclusive, and the court will never inquire into the truth of such certificate.*    This point has been frequently ad-

---

*The statute which empowers the signing authority to direct a writ to an indifferent person, is as follows: "And all writs and processes shall be directed to the sheriff, his deputy, or some constable, if such officer can be had without great charge or inconvenience: And in every case wherein the authority signing a writ shall find it necessary to direct the same to an indifferent person, such authority shall insert the name of such indifferent person in the direction of the writ, and the reason of such direction; and if any writ be otherwise directed it shall abate."

judged. The last term the case of Allen v. Jones came up by appeal on pleas of abatement. It was the same question; and the court then expressed their surprise that the lower courts were unacquainted with this point in practice, which had been so fully settled.

The writ established.